SALLIE DUNCAN *v.* MARY E. DORSEY, ET AL.

Contracts Made with Infants—Enforcement.

> A contract made with an infant cannot be enforced for the sale of his real estate by proving the declarations of the infant, prior to his arriving of age, to the effect that the consideration had been fully paid, and without showing that the contract was beneficial or that the wants of the infant required the sale to be made.

APPEAL FROM HARDIN CIRCUIT COURT.

February 23, 1875.

OPINION BY JUDGE PRYOR:

John E. Dorsey being one of the parties in possession of the property claimed by appellant, and a defendant to the action, and against whom a recovery is sought, was an incompetent witness; and if competent, the whole testimony, when considered, did not authorize a dismissal of the action. The appellees are attempting to enforce this contract made with an infant for the sale of his real estate, by proving the declarations of the infant prior to his arriving at age, to the effect that the consideration had been fully paid, and without showing that the contract was beneficial, or that the wants of the infant required that the sale should be made; and even if these facts appeared, the chancellor would hesitate before determining that under such circumstances the sale by the infant should be confirmed. The guardian of the infant had means in his hands at the time this sale was made sufficient to supply all his demands, and he seems not to have been consulted as to the propriety of making the sale.

It is also remarkable, considering the testimony of John Dorsey as in the case, that all these payments should have been made to the father of the appellant when he was under age, and the chances taken for his making the conveyance after arriving at his majority, and the more so when the purchaser failed even to take a receipt for the payment, when he assumes to have paid the whole amount. Such proof of payment, in any case, would be regarded with suspicion, and the chancellor, before he would enforce such a contract made with one under age, must have evidence more satisfactory than is to be found in this record, both as to payment and ratification. The evidence shows conclusively that the infant obtained a horse of the value of $150. This amount should be accounted for.

The judgment is reversed and cause remanded with directions to adjudge to the appellant, and her mother, also, who has dower in the

same, the one undivided half of the house and lot in controversy, and requiring the parties in possession, defendants to the action, to account for the rent, whilst they have had possession of the beneficial use of the property, allowing them such sums as were expended in making necessary repairs, if any were required to preserve the property from decay. From the rents will be deducted the sum of $150, with interest from the time the horse was received, and if these rents will not satisfy the same, the interest of the infant will be rented out until the same is paid, or if the property is indivisible the whole property can be sold and the proceeds divided according to the rights of the parties.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

Judge Cofer not sitting.

*W. H. Merriatt, for appellant.*